This cause comes by adjournment from the Circuit Court. It is an action of trespass, and an agreement as to the facts is made up by the parties, and by these the same question is made and submitted to the Court that was formerly decided in this court between Lanier and Allen. We are all of opinion that the decision on that cause was correct. It is useless to hear the same points argued again now. And the Court now decided on this case accordingly: that the seizure and sale by the sheriff of negroes in the possession of Lanier, upon an execution against the administrator of Claxton, who had conveyed said negroes by bill of sale to the father of the defendant, Burwell, was not a lawful seizure, and was not authorized by such execution. The defendant in that case being a lawful administrator, and Lanier an executor de son tort, against whom there was not any judgment or execution.
The case of Lanier and Allen above referred to was decided by Roane and Whyte, JJ., July term, 1816.
Claxton, in his lifetime, conveyed by deed, duly executed, the negro in question with others, to Isaac Lanier, reserving a life-estate to himself and his wife. This, for the purpose of argument, is admitted at the bar to have been to the prejudice of creditors and therefore covinous and void. After the death of Claxton, his wife mentioned in the deed having died before him, Lanier took possession of the negro sued for in this action before administration was committed to the widow of Claxton, who had been his second wife. And afterwards administration was committed to her by the County Court of Stewart, being the county in which Claxton resided at the time of his death. *Page 298 
Russel then prosecuted a suit against the administratrix for a debt due to him from the intestate, and obtained judgment and execution to be levied of the goods and chattels of the intestate and had judgment and execution to be levied of the goods and chattels of the intestate in her hands to be administered. Upon this execution the defendant Allen, who was the sheriff, seized and sold the said negro who had been conveyed by deed to Burwell Lanier, the plaintiff, from the said Isaac Lanier, and had been hired to one Thornton, and was in his possession when taken by the defendant. After a very clabarate argument on both sides, the Court decreed, first, that an action under the Act of Assembly for preventing the abatement of suits after the death of Claxton might be renewed against the executor de son tort, as well as it might be against a rightful executor or administrator. He could not allege that he was an executor by wrong; and therefore was not the object of the act, for that would be to profit of his own wrong, which the law will not allow. The sci. fa. would name him only executor; and he might plead any thing which he could plead to an original action.
Second, this action may be supported by the general owner or special bailee, and here it is brought by the owner.
Thirdly, the fi. fa. which issued upon the judgment in favor of Russel was not leviable on the negro in question, in the hands of Lanier, or of the person holding the possession for him. This negro was not assets in the hands of the rightful administratrix; could not be recovered by her; and might have been recovered against her or from her by Lanier, whose title is good against all but creditors. They ought to subject the property in the hands of the donee by an action against him as executor de son tort; by which means he would have an opportunity to plead any defence that may have accrued to him after taking the *Page 299 
chattels of the deceased. As that he had paid the value to creditors, or to the rightful administrator, or any other of the many defences which he might have acquired since his original liability.
Judgment for the plaintiff below.